IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER, JR.,              :

    Plaintiff,                     :

vs.                                :    CIVIL ACTION 07-0149-KD-M

RUSSELL E. BERGSTORM, LCC, et al;,

    Defendants.                    :

REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claims are frivolous.

I.  Complaint as Amended (Doc. 1).

Plaintiff names as Defendants Russell E. Bergstom, Jackie Brown, and David B. Zimmerman, each of whom served as Plaintiff's appointed criminal defense counsel at different times.  Plaintiff seeks reimbursement from each for his lost wages and mental suffering, as well as their removal from the practice of law until he is reimbursed for his damages.

The complaint form indicates that Plaintiff was convicted on the charges of driving on a suspended license, "no insurance,"

and "no seat belt."  Plaintiff was convicted on January 18, 2007, and received a 180-day sentence, or sentences, which expired on July 5, 2007.  (Doc. 1 at 6).  These convictions and sentences have not been shown to be invalidated in any manner.

Plaintiff alleges that Defendant Bergstrom rendered ineffective assistance of counsel on January 18, 2007, in Mobile County District Court.  After Defendant Bergstrom was appointed to represent Plaintiff, he approached Plaintiff in the courtroom and asked if Plaintiff wanted the case taken to trial.  Plaintiff responded that he did.  After representing another client, Defendant Bergstrom returned to Plaintiff when Plaintiff's case was called, and represented Plaintiff without having asked Plaintiff about the case.  This allegedly resulted in Plaintiff being denied the right to confront his accusers and to have a preliminary hearing.

Plaintiff alleges that Jackie Brown rendered ineffective assistance of counsel on February 13, 2007, when Plaintiff was not allowed to have a preliminary hearing or have it re-scheduled and when a detective, who was not the arresting officer or the officer who wrote the statement, was allowed to testify about the victim's statement.  (Doc. 1).

In the amendment (Doc. 10) Plaintiff alleges that Defendant Zimmerman rendered ineffective assistance of counsel when he was appointed to represent Plaintiff at the "second" trial, which was

an appeal from municipal court.  Plaintiff complained to Defendant Zimmerman that the court would not credit him with 37 days that he had already served on his 180-day sentence.  Defendant Zimmerman tried to explain the court's action to Plaintiff.  Then, when Defendant Zimmerman visited Plaintiff at Mobile County Metro Jail, he offered Plaintiff a plea agreement that would allow Plaintiff to plead guilty to a sentence of time served.  Plaintiff declined to plead guilty because he was innocent and Mobile Police Officer Kersey committed perjury.

Plaintiff instructed Defendant Zimmerman to file a "Motion for a Dismissal with a Judgement" and to send him a copy.  On April 3, 2007, Plaintiff was represented by Defendant Zimmerman at a trial with a "pre-picked" jury before Judge Wood.  Plaintiff was found guilty of driving on a suspended license.  Plaintiff stated that he wanted to appeal his sentence.

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

III. <u>Discussion</u>.

A necessary element in a § 1983 action is that the defendant have acted under color of state law when the alleged constitutional deprivation was committed. *Parratt v. Taylor*, 451

U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  In a § 1983 action, court-appointed, criminal defense counsel does not act under color of state law in the absence of a conspiracy.  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981).

In *Polk County*, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client."  *Id.* at 318, 102 S.Ct. at 449.  The *Polk County* Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."  *Id.* at 319, 102 S.Ct. at 450 (footnote omitted).  The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law.  *Id.* at 325, 102 S.Ct. at 453.  Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action.  *Id.*

Based on the allegations in the Complaint as amended, Defendants Bergstrom, Brown, and Zimmerman did not act under color of state law.  Accordingly, Plaintiff has failed to state a claim upon which relief may granted against Defendants Bergstrom, Brown, and Zimmerman.  And, after considering the context of the

5

claims and that Plaintiff's convictions and sentences have not been invalidated, the undersigned determines that this action is frivolous.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

6

      to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 3rd day of October, 2007.

                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE